UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM C. KERRIGAN,

               Plaintiff,

    v.

U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR
VRMTG ASSET TRUST,

               Defendant.

CASE NO. 2:25-cv-01851

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Kim Kerrigan's Motion for Withdrawal of Reference. Dkt. No. 1-1. Having reviewed the motion and the relevant record, the Court DENIES the motion.

## 2. BACKGROUND

Plaintiff Kim Kerrigan, the movant-debtor, filed her Chapter 13 Voluntary Petition in August 2024. Dkt. No. 1.[1] After encountering some difficulties in getting

---

[1] For purposes of this background section, all docket references relate to the underlying bankruptcy petition, No. 24-12041-CMA (Bankr. W.D. Wash.).

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 1

the plan confirmed, Kerrigan retained counsel in late September 2024 to help her develop a Chapter 13 plan. Dkt. No. 20. With help from counsel, Kerrigan's plan was approved by Chief Bankruptcy Judge Alston on December 6, 2024. Dkt. No. 55.

From there, the proceedings became complicated. In May 2025, Kerrigan's counsel withdrew from the representation. Dkt. No. 70. Within a month, Kerrigan, now representing herself, objected to Proof of Claim 2-1 which had been filed by a trustee back in October 2024, *see* Dkt. No. 79, and sought to vacate the existing plan, *see* Dkt. No. 78. The bankruptcy court denied Kerrigan's motion to vacate, Dkt. Nos. 91–92, and Kerrigan's objection was later struck. Dkt. No. 157.

Meanwhile, Kerrigan moved for sanctions against U.S. Bank Trust, N.A., as trustee for VRMTG Asset Trust, the alleged creditor and subject of Kerrigan's Objection to Proof of Claim 2-1. Dkt. No. 97. The issue was fully briefed by the parties, but Kerrigan then moved "under protest" to withdraw the reference to the bankruptcy court, which she claims to have brought "solely to prevent any claim of 'deemed consent' under the [bankruptcy] Court's August 12, 2025 order [at Dkt. Nos. 121, 122.]" Dkt. No. 130. The Court first addresses the legal standard and then Kerrigan's arguments.

## 3.  DISCUSSION

### 3.1    Legal standard.

In general, district courts have original and exclusive jurisdiction over all bankruptcy cases. 28 U.S.C. § 1334(a). But district courts may refer jurisdiction over cases arising under the Bankruptcy Code—*i.e.*, Title 11 of the U.S. Code—and

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 2

all proceedings arising in or related to a case arising under the Bankruptcy Code to the United States Bankruptcy Courts. *Id.* § 157(a). This is the case in the Western District of Washington, where "all cases under Title 11, and all proceedings under Title 11 or arising in or related to a case under Title 11" are referred to "bankruptcy judges of this district." LCR 87(a).

As for matters referred under Section 157, the extent of the bankruptcy court's jurisdiction depends on whether the proceeding is "core" or "non-core." Section 157(b)(2) lists those proceedings defined as "core proceedings." *See In re Harris*, 590 F.3d 730, 738 (9th Cir. 2009). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). In "core proceedings," the bankruptcy court "may enter appropriate orders and judgments," but in "non-core proceedings," the bankruptcy court "shall submit proposed findings of facts and conclusions of law to the district court" for consideration and review. 28 U.S.C. § 157(b)(1), (c)(1). "[B]ankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990).

Section 157 also authorizes the withdrawal of a reference of a matter to bankruptcy court, either on permissive or mandatory grounds. 28 U.S.C. § 157(d). The party seeking to withdraw the reference bears the burden of persuasion. *See In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011). "To determine whether cause for permissive withdrawal exists, a district court 'should first evaluate whether the

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 3

claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *In re uCast LLC*, No. C23-1258, 2023 WL 6131084, at \*2 (S.D. Cal. Sept. 19, 2023) (quoting *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 762 (C.D. Cal. 2015). Next, courts should "consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008. The Court discusses both factors below.

### 3.2    Whether the proceedings are core or non-core.

A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its] existence and that could proceed in another court." *Sec. Farms*, 124 F.3d at 1008.

To begin, Kerrigan's motion fails to identify what specifically she considers to be the non-core issues in her case. The Court recognizes that Kerrigan is now representing herself, but she still bears the burden of identifying particular issues warranting withdrawal. *See In re Tamalpais*, 451 B.R. at 8. She fails to meet that burden.

In her motion, she seeks to withdraw the reference as to (1) a motion for sanctions filed in her underlying bankruptcy proceedings "to the extent it implicates non-bankruptcy issues"; and (2) "matters intertwined with [her] Objection to Proof of Claim 3-1 [sic] and any related claims." Dkt. No. 1-1 at 19. The broad language used to indicate the source of her requests—e.g., "to the extent it implicates," "matters intertwined," and "any related claims"—lacks specificity and requires the

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 4

Court to guess at what Kerrigan means. Indeed, a movant seeking withdrawal must identify specific proceedings, explain their location in the record, and demonstrate why they fall outside the bankruptcy court's core jurisdiction.[2] Nevertheless, the Court will try to decipher Kerrigan's request to the best of its ability based on the motion and the information readily available in the bankruptcy record.

The first issue that Kerrigan seeks to withdraw from the Bankruptcy Court's consideration is any "non-bankruptcy" implications raised in her motion for sanctions. Dkt. No. 1-1 at 2. Kerrigan readily admits that her motion for sanctions was brought under Bankruptcy Rule 9011 and 11 U.S.C. § 105(a). *See* Reply, *In re*: Kim C. Kerrigan, No. 24-12041-CMA (Bankr. W.D. Wash. Aug. 5, 2025), Dkt. No. 118 at 2. Courts consider these types of disputes as core proceedings under § 157(b)(2)(A). *See, e.g.*, *In re Trevino*, 615 B.R. 108, 127 (Bankr. S.D. Tex. 2020) (proceeding involving a § 105(a) dispute was a core matter); *In re Kilpatrick*, No. 25-30619, 2025 WL 3295748, at *15 (Bankr. S.D. Ohio Nov. 24, 2025) ("The consideration of imposing sanctions under Bankruptcy Rule 9011(c) for filings made with this Court is certainly within this Court's core jurisdiction."). She does not

---

[2] For example, Kerrigan does not appear to have brought "RESPA/consumer-law issues" claims, but rather argues that the reference should be withdrawn should she choose to do so. Dkt. No. 1-1 at 20. Specifically, she does not write that she has chosen to bring those claims, but argues that a jury trial is necessary *if* she chooses to prosecute those claims. *Id.* Similarly, her Motion for Sanctions describes conduct in the underlying litigation as "implicat[ing] numerous violations of federal and state law," including theft, the Washington Consumer Protection Act, and the federal Racketeer Influenced and Corrupt Organizations Act, but does not appear to have actually brought those claims in the underlying proceeding. *See* Motion for Sanctions, *In re*: Kim C. Kerrigan, No. 24-12041-CMA (Bankr. W.D. Wash. July 11, 2025), Dkt. No. 97 at 20-21.

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 5

appear to seek substantive relief outside the bankruptcy laws and rules, *see, e.g., supra* at 5 n.2, and the relief she does seek arises under the Bankruptcy laws and rules, *see* Motion for Sanctions at 38–39. Accordingly, the Court interprets Kerrigan's motion for sanctions and the issues contained in it as core proceedings within the bankruptcy court's jurisdiction to issue rulings and judgment.

The Court turns next to the issues "intertwined" with Kerrigan's Objection to Proof of Claim 3-1. It is not in dispute that claim objections are considered core proceedings. "Examples of core proceedings include objections to claims." *Loomis Elec., Inc. v. Lucerne Prods., Inc.*, 225 B.R. 381, 386 (N.D. Ohio 1998); *see also* 28 U.S.C. § 157(b)(2)(B) (listing "allowance or disallowance of claims against the estate or exemptions from property of the estate," as core proceedings). And as discussed above, the Court cannot discern what, if any, issues Kerrigan claims are "intertwined" with her objection.[3] That said, if these issues are truly "inextricably linked" to the claim objection, this would support them being considered core proceedings. *See In re Brown*, No. 22-40997, 2023 WL 11956376, at *3 (Bankr. W.D. Wash. Apr. 5, 2023), *report and recommendation adopted in relevant part, sub nom. Brown v. Newman Du Wors LLP*, No. 3:23-CV-5222, 2023 WL 3791793 (W.D. Wash. June 2, 2023). Without more, the Court finds that Kerrigan's Objection to Claim 3-1 and its "intertwined" matters are core proceedings.

---

[3] Kerrigan's motion references "Proof of Claim 3-1," but the record reflects that her objection was filed against Proof of Claim 2-1. *See* Dkt. Nos. 72, 79. The Court notes that it cannot find any "Objection to Proof of Claim 3-1" in the bankruptcy record.

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 6

**3.3   Consideration of other factors.**

Having determined that the matters at issue are core proceedings, the Court next considers "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Kerrigan argues that withdrawing the reference will lead to a uniform and efficient resolution to the disputes at hand. Dkt. No. 1-1 at 20. She raises no other bases for withdrawal of the reference. The Court disagrees with Kerrigan's efficiency argument. This case has been before the Bankruptcy Court since August 2024; Judge Alston is familiar with the underlying facts and legal issues. Keeping these core matters with the Bankruptcy Court ensures the most efficient use of judicial resources given Judge Alston's familiarity and expertise with the matter and parties.

## 4.   CONCLUSION

Finding that Kerrigan has not met her burden to show why the reference should be withdrawn as to her Motion for Sanctions and Objection to Claim 3-1, the Court DENIES the motion.

Dated 21st day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE - 7